■ ARTHUR R. BRAND, III, As Trustee, et al., Appellants, v. RICHARD PRINCE, Respondent.—Appeal from (1) a judgment of the County Court, in favor of defendant, entered January 15, 1973 in Delaware County, upon a decision of the court at a Trial Term without a jury; and (2) from an order of said court, entered January 15, 1973, which denied plaintiffs' motion for a new trial. In this action brought to establish title to realty pursuant to article 15 of the Real Property Actions and Proceedings Law, plaintiffs claim title to a 10-acre parcel of land on the northerly side of Mapes Road in the Town of Deposit, County of Delaware, under and by virtue of a deed from Elmer C. Romer and Cecilia L. Romer dated October 16, 1961, and recorded in the Delaware County Clerk's office on November 2, 1961 in

Liber 430 of Deeds at page 256, and by adverse possession thereof. Defendant, by way of counterclaim, also claims title to the 10-acre parcel under and by virtue of a deed from Ruth E. Millspaugh as Administratrix of the Estate of Stanley Millspaugh, recorded November 13, 1959 in the Delaware County Clerk's Office in Liber 409 of Deeds at page 51, and by adverse possession. The County Court, after a trial without a jury, determined that neither party had established title by written instrument; and that plaintiffs failed to establish title by adverse possession; and implicitly that defendant was entitled to possession. Title to the disputed 10-acre parcel is traced from a deed in 1873 by Mary L. Baker and James Baker to Betsy L. Coon, which conveyed a 40-acre parcel. In 1876, Betsy L. Coon conveyed the disputed 10 acres to Christina C. Turner, who thereafter in 1878, conveyed the same to Charles M. Putnam and James S. Minor. In 1879, they reconveyed the 10 acres to Christina C. Turner. In 1890, she conveyed the 10 acres to John H. Coon, who owned adjoining lands. John H. Coon died in 1908, and by his last will and testament, which was admitted to probate on April 4, 1908, he devised all of his property to his sister, Sarah E. Coon. In 1916, Sarah E. Coon conveyed a parcel of land to Nettie Surine which is recorded in Liber 176 of Deeds at page 263 containing the following recital: "The said premises being the same premises owned and occupied by the said John H. Coon in his lifetime." The description of the parcel conveyed, however, did not include the 10-acre parcel in dispute. On September 30, 1956, Minerva Brokaw, as administratrix of the estate of Nettie Surine conveyed the premises acquired by Nettie Surine from Sarah E. Coon to Elmer C. Romer. This deed was recorded on October 29, 1956 in Liber 378 of Deeds at page 127 and contained the same recital. Elmer C. Romer and Cecilia L. Romer, his wife, on October 16, 1961, conveyed this parcel to Arthur Brand, the plaintiff. This deed was recorded on November 2, 1961 in Liber 430 of Deeds at page 256, and contained the same recital. Defendant's chain of title also starts with the 1873 deed to Betsy L. Coon. She died intestate on April 12, 1898, survived by Christina Turner, Louisa Loucks, David H. Coon, Sarah E. Coon, and John H. Turner. In 1916, they conveyed the 40-acre parcel to Bertha Huyck Bresee, excepting and reserving therefrom "the 10-acre parcel sold heretofore to Christina Turner, and now owned or occupied by one Schultz." In 1935, the heirs of Bertha Huyck Bresee conveyed, by the same description, that parcel to Albert Papenmeyer. This deed is recorded in Liber 236 of Deeds at page 572. After several conveyances containing the same description and exception, title is found in 1951 in Colvin Clapper. The next deed in the chain is a deed from the Delaware County Treasurer to Ruth E. Millspaugh, as administratrix of the estate of Stanley Millspaugh, recorded in Liber 398 of Deeds at page 223 wherein the parcel is described as follows: "School District 8, bounded north by Surine, east by Clapper, south by Romer, west by Surine, 30 acres." On November 13, 1959, Ruth C. Millspaugh, by administrator's deed, conveyed the parcel by the same description as in the deed to her, to Richard T. Prince, the defendant. This deed was recorded on November 13, 1959 in Liber 409 of Deeds at page 41. "A grant or devise of real property passes all the estate or interest of the grantor or testator unless the intent to pass a less estate or interest appears by the express terms of such grant or devise or by necessary implication therefrom." (Real Property Law, § 245.) The description in plaintiff's deed admittedly does not cover the 10 acres in question. The recital "Being the same premises owned and occupied by the said John H. Coon in his lifetime" is as consistent with the parcel conveyed as it is to the entire parcel. The description in defend-

ant's deed might be considered as including the 10-acre parcel, since the western boundary is stated to be Surine, and it appears that Nettie Surine did not acquire title to the 10-acre parcel by her deed. The description, however, limits the amount conveyed to 30 acres, the same acreage as owned by the assessed owner under his deed. By implication then this deed expresses the intent to convey only the 30 acres owned by Colvin Clapper, the assessed owner. It thus appears that neither party established title to the 10 acres in question by written instrument, and that record title to the 10 acres remains in Sarah E. Coon, and her descendants. Plaintiffs, however, produced Cecilia Romer who testified that at the time her husband, Elmer C. Romer, purchased the parcel adjoining the 10 acres from the administratrix of the estate of Nettie Surine, a Mr. Schultz, who ran a store for Nettie Surine, pointed out the boundary lines of the property, and that the 10-acre parcel was within the boundaries so pointed out. She also believed that the description in the deed included the 10-acre parcel. She also testified that they had rented the Surine farm from Nettie Surine from 1945 to the time of the purchase, and had pastured cows on the 10-acre parcel all the time the land had been rented, and after the purchase until about two years before the sale to plaintiffs when her husband became ill. Thereafter, the 10 acres were used to pasture cows by others until the property was sold to the defendant. She also testified that the parcel was fenced; that she became acquainted with defendant after he purchased the 30 acres from Ruth Millspaugh, who was her daughter-in-law; that defendant never questioned the location of the fence on the easterly line of the 10-acre parcel; that he made no effort to utilize the 10 acres on her side of the fence; and that no one else contested her right to use the 10-acre parcel. She further testified that this fence line was shown by her to plaintiff at the time he bought, as the boundary line. J. Leland Rickard testified on behalf of plaintiffs that he was the attorney for the Surine Estate; that he had known Mr. Schultz; that Schultz had at one time occupied a cabin on the 10-acre parcel which he believed to be on the Surine lands; that, at the time he settled the Surine Estate, it was his understanding that the parcel owned by Nettie Surine extended to Mapes Road, thus including the 10-acre parcel. Plaintiff also testified to his use and occupancy of the parcel including leasing the same to one Friend Decker who cut hay and pastured young stock there until about 1968; the renting of the land to a hunting club starting in 1962 and the posting of the land along the boundary against hunting and fishing; that the boundaries were pointed out to him when he purchased; and that he believed that the 10 acres in dispute were included in the description of the parcel conveyed to him. Two members of the hunting club testified to the renting of the property including the 10 acres from the plaintiffs, and to their use thereof which included posting along the fence lines of the 10-acre parcel since 1962. They stated that they had no trouble until 1970 when defendant began taking down their no hunting posters, but that defendant made no effort to stop their use. Defendant offered contradictory testimony as to his own use of the property. His witnesses stated that they were children at the time they were familiar with the property, and the time of their occupancy was prior to 1955 and, therefore, of little value. The testimony of defendant and of his witnesses was in direct conflict with that of the plaintiffs and their witnesses and for the most part is unconvincing. " There are five essential elements necessary to constitute an effective adverse possession; *first*, the possession must be hostile and *under claim of right*; *second*, it must be **actual**; *third*, it must be open and notorious; *fourth*, it must be exclusive; and *fifth*,

it must be continuous. If any of these constituents is wanting, the possession will not effect a bar of the legal title." (*Belotti* v. *Bickhardt,* 228 N. Y. 296, 302 [italics in original]; *Bradt* v. *Giovannone,* 35 A D 2d 322.) The fact that plaintiffs claim more land than their deed specifies is not controlling, "since adverse possession, even when held by mistake or through inadvertence, may ripen into a prescriptive right." (*Belotti* v. *Bickhardt, supra;* *West* v. *Tilley,* 33 A D 2d 228, mot. for lv. to app. den. 27 N Y 2d 481.) Plaintiffs' evidence indicates that they and their predecessors in interest were in possession of the 10-acre parcel under claim of right, albeit under mistaken belief that their deeds included that parcel; that they actually possessed the land openly and notoriously to the exclusion of all others. Their possession was also continuous for more than 15 years. Although plaintiffs did not acquire their title until 1961, they are entitled to the benefits of the use and occupation by their predecessors, since the record clearly establishes their intent to convey what they mistakenly thought was theirs and had been using and occupying. Privity may be established by parol, and here there is ample evidence of the intent to hold and convey more than the land which the deed to plaintiff specifically conveyed. (See *Belotti* v. *Bickhardt, supra.*) Since the evidence indicates the intent of plaintiffs' predecessors to include the 10-acre parcel in the conveyance, they are permitted to "tack" their adverse uses onto their predecessors' use to make up the required prescriptive period of 15 years under section 34 of the former Civil Practice Act which is the governing statute. (See *Reiter* v. *Landon Homes,* 31 A D 2d 538, mot. for lv. to app. den. 24 N Y 2d 738.) We have concluded that the judgment should be reversed to give effect to the credible evidence so as to grant judgment to plaintiffs and dismiss the counterclaim. (See CPLR 5522; *Hacker* v. *City of New York,* 26 A D 2d 400, 403.) Judgment reversed, on the law and the facts, insofar as it adjudged defendant to be the owner of the 10 acres of real property described in the complaint herein, and judgment directed to be entered in favor of plaintiffs adjudging them to be the owners and seized and possessed of said real property, and dismissing defendant's counterclaim, with costs. Staley, Jr., J. P., Greenblott, Cooke, Main and Reynolds, JJ., concur.